# In the United States Court of Federal Claims

No. 18-1732C

**UNPUBLISHED**

(Filed: November 20, 2018)

| | |
|---|---|
| KASEBAJALE A. MAYO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Lack of Jurisdiction; RCFC 12(h)(3); Pro Se Plaintiff; Fair Housing Act; Americans with Disabilities Act; Transfer to a United States District Court. |

OPINION AND ORDER

CAMPBELL-SMITH, Judge.

The court has before it the complaint and plaintiff's application to proceed in forma pauperis. As explained below, the complaint states claims related to unfair housing practices and disability discrimination which are not within this court's jurisdiction. Transfer to the United States District Court for the District of Colorado is appropriate.

I.   Jurisdiction

"A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt." Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted). If there is no jurisdiction in this court over a complaint, the suit must be dismissed pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC).

The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491 (2012). That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted). These include money

damages claims against the federal government founded upon the Constitution, an act of Congress, a regulation promulgated by an executive department, any express or implied contract with the United States, or any claim for liquidated or unliquidated damages in cases not sounding in tort. Id. (citing 28 U.S.C. § 1491(a)(1)).

Plaintiff's claims are founded on allegations of unfair housing practices and discrimination based on a disability. See ECF No. 1 at 1. This court has no jurisdiction over either category of claims. See, e.g., Maclin v. United States, 121 Fed. Cl. 66, 67-68 (2015) (finding that the Court of Federal Claims lacks jurisdiction to consider claims made pursuant to the Americans with Disabilities Act) (citation omitted); Bush v. United States, 627 F. App'x 928, 930 (Fed. Cir. 2016) (noting that the Court of Federal Claims lacks jurisdiction over claims alleging violations of the Fair Housing Act) (citation omitted).

II.   Transfer

Because plaintiff's complaint is not within this court's jurisdiction, the court considers whether transfer to another federal court is appropriate. Transfer of cases from this court to a district court is governed by 28 U.S.C. § 1631 (2012), which states in relevant part, as follows:

> Whenever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Id. In the court's view, transfer is appropriate and in the interest of justice in this case. This court cannot evaluate the merits of plaintiff's allegations, but if plaintiff has been the victim of unfair housing practices or discrimination on the basis of a disability, a court of proper jurisdiction will be able to provide redress.

III.   Conclusion

For the limited purpose of determining that the court lacks jurisdiction over the complaint, the court **GRANTS** plaintiff's application to proceed in forma pauperis, ECF No. 4. It is hereby **ORDERED** that the clerk's office is directed, pursuant to 28 U.S.C. § 1631, to **TRANSFER** this suit to the United States District Court for the District of Colorado.

IT IS SO ORDERED.

_____
PATRICIA E. CAMPBELL-SMITH
Judge